Although I agree with the majority's disposition of Defendant's seventh assignment of error, I write separately to reaffirm my disagreement with this Court's conclusion that "plain error does not exist when concurrent sentences are imposed for crimes that constitute allied offenses of similar import." In State v. Martin (Feb. 9, 1999), Summit App. No. 18715, unreported, I wrote in dissent that, "regardless of whether the sentences are made to run concurrently, a [felon] has a substantial stake in each and every one of his convictions" due to the numerous adverse collateral consequences of a felony conviction. Accordingly, I continue to believe that the better reasoning supports finding plain error when a court imposes multiple sentences for allied offenses of similar import upon a defendant for a single criminal act. Because the crimes of involuntary manslaughter and endangering children for which Defendant was sentenced are not allied offenses of similar import, however, I concur with the majority's conclusion that Defendant's convictions were authorized by R.C. 2941.25(A).
 _______________________________ CARR, J.